1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                              Plaintiff,

        v.

JOSE ERNESTO MOZQUEDA
VASQUEZ,

                              Defendant.

CASE NO. CR16-5600

ORDER

This matter is before the Court on Defendant Mozqueda Vasquez's Motion to Reduce his Sentence. Dkt. 858.

In August 2017, Vasquez pleaded guilty to four criminal counts: Conspiracy to Distribute a Controlled Substance, Conspiracy to Commit Money Laundering (2 counts), and Alien in Possession of a Firearm. Dkt. 445. Vasquez was the leader of a Drug Trafficking Organization (DTO) operating in Pierce, Kitsap, Mason, and Lewis Counties, that obtained, transported, and redistributed large quantities of methamphetamine, employing as many as 100 or more couriers and distributors in Washington, California, and Arizona. Dkt. 565 ¶¶ 25-28.

1    In December 2017 the Court sentenced Mozqueda Vasquez to 120 months, a

2  combined custodial sentence as to all counts, to run concurrently with each other. Dkt.

3  612 at 2.

4    Vasquez served this sentence in the custody of the Bureau of Prisons until August

5  25, 2023, according to online BOP records. At that time, his request for a treaty transfer

6  to Mexico was granted and he was deported to Mexico. See Dkt. 858.

7    Mozqueda Vasquez seeks a reduced sentence under 18 U.S.C. § 3582(c)(2) based

8  on Amendment 821, Part B to the Sentencing Guidelines (Zero-Point Offender). Dkt.

9  858. He also raises complaints about the way his sentence has been administered since he

10  transferred to the custody of Mexican authorities for completion of his sentence, pursuant

11  to a treaty between Mexico and the United States. *Id*. at 2.

12    The Court lacks jurisdiction to grant Mozqueda Vasquez relief. Pursuant to the

13  diplomatic agreements between the Governments of the United States and Mexico, after

14  Vasquez consented to transferring to Mexico, the manner of completion of his sentence is

15  determined exclusively by authorities in Mexico. The United States/Mexico Bilateral

16  Treaty provides that "the completion of a transferred offender's sentence shall be carried

17  out according to the laws and procedures of the Receiving State." Dkt. 860, Ex. 1, Article

18  V, Part (2). The U.S. Department of Justice manual on International Prisoner Transfer

19  confirms that "[u]nder most of the treaties, the receiving country will continue the

20  enforcement of the transferred sentence. Such continued enforcement will be executed

21  under the laws, regulations and procedures of the receiving country, including any

22  provisions for reducing the term of confinement by parole, conditional release, good-time

1    release, or otherwise." U.S. Dep't of Just., Just. Manual § 9-35.014 (2020). The

2    complaints that Vasquez raises, include his facility designation and calculation of early

3    release, fall squarely into "enforcement" governing the completion of his sentence and

4    are exclusively the domain of Mexico.

5          The Bilateral treaty also instructs that Mexico cannot impose a sentence greater

6    than the one imposed by the sentencing country. *See Id*. at Article V, Part (3) ("No

7    sentence of confinement shall be enforced by the Receiving State in such a way as to

8    extend its duration beyond the date at which it would have terminated according to the

9    sentence of the court of the Transferring State."). Mexico has not violated that restriction

10   in Mosqueda Vasquez's case. As of the date of this Order, he has not yet served his full

11   10-year sentence, and cannot claim that Mexico violated the treaty by extending his

12   incarceration beyond this Court's original sentence.

13         The Court notes that even if it had jurisdiction, Mozqueda Vasquez does not

14   qualify for the Zero-point offender reduction, 18 U.S.C. § 3582(c)(2). A retroactive

15   amendment to the Guidelines cannot reduce a sentence below the statutory minimum

16   term. *See United States v. Paulk*, 569 F.3d 1094, 1095–96 (9th Cir. 2009). Mozqueda

17   Vasquez is already serving the statutory mandatory minimum sentence of 120 months

18   and thus is categorically barred from the Zero-point offender reduction.

19         Therefore, it is hereby **ORDERED** that Mozqueda Vasquez's Motion to Reduce

20   his Sentence, Dkt. 858, is **DENIED**.

21   //

22   //

Dated this 30th day of August, 2024.

BENJAMIN H. SETTLE
United States District Judge